ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **DAMIÁN IRIZARRY GUASCH; NILSA I. IRIZARRY GUASCH Y DAMIÁN IRIZARRY ORTIZ** <br> DEMANDANTE(S)-APELANTE(S) <br><br> V. <br><br> **WILMA IVONNE IRIZARRY GUASCH; JOSÉ HERNÁN RAMÍREZ CAMACHO; LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR WILMA IVONNE IRIZARRY GUASCH Y JOSÉ HERNÁN RAMÍREZ CAMACHO; D'GAS EXPRESS CORP.; WJE INCORPORADO; JOHN DOE; JOHAN DOE, INC. Y RICHARD ROE** <br> DEMANDADA(S)-APELADA(S) | **KLAN202400005** | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de **MAYAGÜEZ** <br><br> Caso Núm. **MZ2023CV00408** (206) <br><br> Sobre: Acción Derivativa; Sentencia Declaratoria; Nulidad de Contrato; Violación de Deberes Fiduciarios; Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 19 de mayo de 2026.

Comparecen ante este Tribunal de Apelaciones, **DAMIÁN IRIZARRY GUASCH, NILSA I. IRIZARRY GUASCH** y **DAMIÁN IRIZARRY ORTIZ** (señores **IRIZARRY GUASCH** e **IRIZARRY ORTIZ-qepd**) mediante *Apelación* incoada el 2 de enero de 2024.[1] En su escrito, nos solicitan que revisemos la *Sentencia* decretada el 30 de noviembre de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez.[2] En dicha *Sentencia*, el foro apelado desestimó, con perjuicio, la *Demanda Conjunta (A través de Representación Legal Separada)* al amparo de la Regla 10.2 de las de Procedimiento Civil

---

[1] Como más adelante se detalla, ante el fallecimiento de **DAMIÁN IRIZARRY ORTIZ** se procedió con la sustitución de parte.

[2] Este dictamen judicial fue notificado y archivado en autos el 30 de noviembre de 2023. Apéndice de la *Apelación,* págs. 281-316.

Número Identificador: SEN2026_____

de 2009; y sin perjuicio, la causa de acción contra **D'GAS EXPRESS CORP.** (**D'GAS**) por no haberse acreditado el diligenciamiento del emplazamiento dentro del término de 120 días según lo dispuesto por la Regla 4.3 de las de Procedimiento Civil de 2009.

Exponemos el trasfondo fáctico y procesal que acompañan a la presente controversia.

- I -

El 10 de marzo de 2023, los señores **IRIZARRY GUASCH** e **IRIZARRY ORTIZ-QEPD** interpusieron una *Demanda Conjunta (A través de Representación Legal Separada)* sobre acción derivativa; sentencia declaratoria; nulidad de contrato; violación de deberes fiduciarios; y daños y perjuicios en contra de los señores **WILMA IRIZARRY GUASCH** y **JOSÉ RAMÍREZ CAMACHO,** y la **SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS** (matrimonio **IRIZARRY- RAMÍREZ** y la **SLG**).[3] Adujeron que la controversia surgía de actividades impropias, contrarias a derecho, las buenas prácticas corporativas y la buena fe, acciones ilegales y/o en violación de sus derechos fiduciarios llevadas a cabo por la señora **WILMA IRIZARRY GUASCH**.[4] Ello en contra de los mejores intereses de **D'GAS**, en beneficio del matrimonio **IRIZARRY- RAMÍREZ** y la **SLG**, así como de la **CORPORACIÓN WJE (WJE)**. Afirmaron que el matrimonio **IRIZARRY- RAMÍREZ** y **WJE**, desangraron a **D'GAS**, le usurparon sus negocios, menoscabaron sus activos, y pusieron sus intereses personales por encima de los de la entidad.

Tiempo después, el 5 de junio de 2023, el matrimonio **IRIZARRY- RAMÍREZ** y la **SLG** presentaron su *Moción de Desestimación*.[5] Expusieron que la reclamación sobre acción derivativa estaba prescrita por haber transcurrido el intervalo de tres (3) años; y el contrato de arrendamiento con opción a compra suscrito el 12 de julio de 2014 contenía una cláusula de

---

[3] Apéndice de la *Apelación,* págs. 1-17.
[4] Enunciaron que el contrato ratificado el 12 de julio de 2014 por el señor **IRIZARRY ORTIZ**, la señora **NILSA GUASCH CORDERO** (señora **GUASCH CORDERO**) y la señora **WILMA IRIZARRY GUASCH** era nulo ab initio, por carecer del consentimiento de la corporación **D'GAS** para el arrendamiento del bien inmueble.
[5] Apéndice de la *Apelación*, págs. 28-118.

arbitraje mandatoria, por lo que, el tribunal primario carecía de jurisdicción para entender las alegaciones y los remedios. Ese mismo día, **WJE** presentó su *Solicitud de Desestimación*.[6] Propusieron que los señores **IRIZARRY GUASCH** no tenían legitimación para presentar la referida acción por no haber sido accionistas de la corporación **D'GAS** al momento de los alegados hechos. En cuanto al señor **IRIZARRY ORTIZ**, **WJE** aseguró que litigaba con las manos sucias, al disputar un contrato del cual fue parte.

El 24 de julio de 2023, los señores **IRIZARRY GUASCH** e **IRIZARRY ORTIZ-QEPD** presentaron su *Oposición Conjunta a las Mociones de Desestimación Parciales Presentadas por la Parte Demandada*.[7] Sostuvieron que no les es de aplicación el periodo de tres (3) años dispuesto por el *Código de Enjuiciamiento Civil*, toda vez que la controversia versa sobre una relación contractual y su incumplimiento, y el tiempo correcto es de quince (15) años.

Luego de varios incidentes procesales, los días 16 y 17 de agosto de 2023, **WJE** y el matrimonio **IRIZARRY- RAMÍREZ** y la **SLG** presentaron sus respectivas réplicas.[8] El 18 de septiembre de 2023, los señores **IRIZARRY GUASCH** e **IRIZARRY ORTIZ-QEPD** presentaron una *Dúplica Conjunta a las Réplicas sobre Mociones de Desestimación Parciales Presentadas por la Parte Demandada*.[9] Razonaron que las reclamaciones son plausibles.

Así las cosas, el 28 de septiembre de 2023, el foro primario mediante *Orden* dictaminada el 27 de septiembre de 2023, dio por sometidos los escritos de las partes.[10] Subsiguientemente, el 30 de noviembre de 2023, el tribunal *a quo* pronunció la *Sentencia* apelada.

Inconformes con la antedicha determinación, el 2 de enero de 2024, los señores **IRIZARRY GUASCH** e **IRIZARRY ORTIZ-QEPD** acudieron ante este

---

[6] Apéndice de la *Apelación*, págs. 119- 137. En conformidad con el Registro de Corporaciones del Departamento de Estado, **WJE Incorporado** fue inscrita el 15 de julio de 2014, al presente se encuentra activa y su agente residente es **WILMA IRIZARRY GUASCH**.
[7] Apéndice de la *Apelación*, págs. 141- 176.
[8] *Íd.*, págs. 184-204 y 205-246.
[9] *Íd.*, págs. 267-279.
[10] *Íd.*, pág. 280.

foro revisor mediante *Apelación.* En su recurso, señalaron el(los) siguiente(s) error(es):

Erró el Tribunal de Primera Instancia al desestimar la Demanda de epígrafe al concluir que:

i. Los demandantes no cumplen con el requisito de contemporaneidad del Artículo 12.06 de la Ley de Corporaciones a pesar de que aplica la excepción de daño continuado.

ii. La pérdida de ingresos que mes a mes la corporación está impedida de percibir a causa de los actos de los [demandados] y las acciones que, al día de hoy, cometen éstos en perjuicios de la Corporación no constituyen daños continuados, sino que son efectos de un solo acto.

iii. Aplica la doctrina de impedimento o estoppel, la cual impide que los demandantes impugnen actos jurídicos nulos, realizados en perjuicio de terceros y bajo engaño.

iv. La causa de acción de violaciones a los deberes de fiducia en contra de Wilma Irizarry Guasch, quien como administradora de D'Gas transfirió todos los bienes de ésta a su nombre y al de otra entidad que ostenta con su esposo, el codemandado, está prescrita.

v. Se configuró la usucapión extraordinaria de bienes muebles que se adquirieron de forma ilegal.

Erró el Tribunal de Primera Instancia al no considerar la moción de la codemandada-recurrida Wilma como una solicitud de Sentencia Sumaria y no aplicarle los requisitos de la Regla 36 de Procedimiento Civil.

Erró el Tribunal de Primera Instancia al desestimar la Demanda aun cuando las solicitudes de desestimación eran parciales y nada indicaban sobre la acción de sentencia declaratoria.

El 12 de enero de 2024, intimamos *Resolución* concediendo un término de treinta (30) días al matrimonio **Irizarry-Ramírez** y la **SLG**; **D'Gas** y **WJE** para presentar su alegato en oposición. En cumplimiento, el 14 de febrero de 2024, **WJE** presentó un escrito intitulado *Alegato de la Apelada WJE, Incorporado.* Más tarde, el 6 de marzo de 2024, el matrimonio **Irizarry-Ramírez** y la **SLG** presentaron su *Alegato de la Parte Apelada.* Al día de hoy, **D'Gas** no ha comparecido.

Más adelante, el 18 de junio de 2024, el licenciado Jan Carlos Bonilla Silva, representación legal de **Irizarry Ortiz-qepd**, presentó una *Moción Notificando Fallecimiento de Co-Parte Conforme a la Regla 22.1 de las de Procedimiento Civil.* Por ello, el 27 de junio de 2024, emitimos *Resolución* requiriendo copia fiel y exacta de la *Certificación de Defunción, Resolución* sobre declaratoria de herederos o *Testamento* en un intervalo perentorio de

treinta (30) días. El 31 de julio de 2024, los señores **IRIZARRY GUASCH** presentaron *Moción en Cumplimiento de Orden* acompañada de copia del *Certificado de Defunción* y *Testamento Abierto* otorgado el 29 de julio de 2023. El día 23 de julio de 2024, dispusimos *Resolución* requiriendo copia de la *Certificación de Defunción* de Alwin Luzardo Irizarry Guasch, *Resolución* sobre declaratoria de herederos o *Testamento* en un período perentorio de treinta (30) días.

Ante el fallecimiento de **DAMIÁN IRIZARRY ORTIZ-QEPD,** quien figura como parte demandante-apelante en este caso, y habiéndose acreditado copia de su *Certificado de Defunción,* así como de su *Testamento Abierto* otorgado el 29 de julio de 2023, **concretamos que la sustitución no altera el curso del proceso en la etapa en que se encuentra; por tanto, desde el 22 de mayo de 2024, se tiene por sustituida a DAMIÁN IRIZARRY ORTIZ-**QEPD por sus hijos: **NILSA I. IRIZARRY GUASCH; WILMA IRIZARRY GUASCH; DAMIÁN IRIZARRY GUASCH;** y su nieto **Sebastián Irizarry Roldán**, quienes ocuparan su lugar en el presente asunto.[11]

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A – *REGLA 10 DE LAS DE PROCEDIMIENTO CIVIL DE 2009*

La Regla 10 de las de Procedimiento Civil de 2009, sobre las defensas y objeciones, faculta a la parte demandada presentar tres (3) clases de mociones antes de su alegación responsiva.[12] Estas son: (i) moción de *desestimación* (Regla 10.2); (ii) moción para solicitar una exposición más definida (Regla 10.4); y moción eliminatoria (Regla 10.5). La presentación de cualquiera de estas mociones interrumpe el plazo para contestar la

---

[11] Ello, en conformidad con la Regla 22.1 de las de Procedimiento Civil de Puerto Rico de 2009.
[12] 32 LPRA Ap. V, R. 10.

reclamación. Empero, la Regla 10.7 requiere la acumulación de las defensas. En otras palabras, si se presenta un escrito que no comprende alguna de dichas defensas u objeciones, posteriormente no se podrá presentar otro petitorio fundado en alguna defensa u objeción omitida excepto: falta de jurisdicción sobre la materia (Reglas 10.2(1)), así como haber dejado de exponer una reclamación que justifique la concesión de un remedio; haber omitido acumular una parte indispensable; o haber omitido exponer una defensa legal a una reclamación (Regla 10.8 (b)).

A su vez, la Regla 10.2 de las de Procedimiento Civil de 2009 instituye que las defensas de hecho o de derecho contra una reclamación deben presentarse **antes** de una alegación responsiva.[13] Una moción de *desestimación* bajo la precitada regla es aquella que presenta la parte demandada previo a contestar la Demanda solicitando que se desestime la causa de acción presentada en su contra.[14]

La antedicha Regla dispone como fundamentos para la *desestimación*: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; o (6) dejar de acumular una parte indispensable.[15] La falta de *jurisdicción* constituye "una defensa irrenunciable, que puede ser planteada a petición de parte o el tribunal *motu proprio* y en cualquier etapa de los procedimientos, incluso en fases apelativas".[16]

En ese sentido, el estándar adjudicativo al evaluar una moción de *desestimación* exige que los tribunales tomen como ciertos "todos los hechos bien alegados de la demanda y considerarlos de la forma más favorable para la parte demandante".[17] La obligación de tomar como ciertos únicamente los

---

[13] 32 LPRA Ap. V, R. 10.2.
[14] Véase: Rafael Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta edición, Lexis Nexis, (2017)., págs. 305–306.
[15] *Costas Elena y otros v. Magic Sport y otros*, 213 DPR 523 (2024).
[16] *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 539 (2019).
[17] *Blassino, Alvarado v. Reyes Blassino*, 2024 TSPR 93, 214 DPR___.

hechos bien alegados de la Demanda supone excluir del análisis las conclusiones de derecho o las alegaciones redactadas de tal forma que su contenido resulte hipotético.[18]

Como parte de este estándar adjudicativo, los tribunales están llamados a interpretar las alegaciones de la Demanda conjuntamente y de forma liberal a favor de la parte demandante, resolviendo toda duda a su favor y concediendo el beneficio de cuanta inferencia sea posible hacer de los hechos bien alegados en la Demanda.[19] Ante ello, los tribunales deberán evaluar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'".[20] A grandes rasgos, se debe determinar si, a base de esos hechos que aceptó como ciertos, la Demanda establece una reclamación plausible que justifique la concesión de un remedio. Así, si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la Demanda, pues no debe permitir que proceda una Demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones con el descubrimiento de prueba.[21]

De esta forma, solo procederá una moción de *desestimación* cuando la Demanda carece de todo mérito, o la parte demandante no demuestre tener derecho a remedio alguno bajo cualesquiera hechos y estado de derecho que pudiera probar en un juicio.[22] Esto es, no "procede la desestimación, si la demanda es susceptible de ser enmendada".[23]

Sabido es que, como norma general, la *desestimación* constituye una acción drástica que puede conducir a la negativa del derecho a ser

---

[18] José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Pubs. JTS, 2011, T. II, págs. 529 (citado en *Asociación Puertorriqueña de Importadores de Cerveza, Inc. v. ELA,* 171 DPR 140, 149 (2007) (Rebollo López, opinión de conformidad)).

[19] *González Méndez v. Acción Social et al.,* 196 DPR 213, 234 (2016).

[20] *Cruz Pérez v. Roldan Rodríguez et al.,* 206 DPR 261 267 (2021).

[21] R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, LexisNexis, 2017, pág. 307.

[22] *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil,* 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231. *Ortiz Matías et al. v. Mora Development,* 187 DPR 649 (2013).

[23] *Ortiz Matías et al. v. Mora Development., supra.*

escuchado.[24] La política judicial instruye que la *desestimación con efecto de adjudicación en los méritos* debe declararse juiciosamente. Ante esto, los jueces de instancia deben, mediante su juicio valorativo, dirimir si están presentes las circunstancias apremiantes para *desestimar* una Demanda con o sin perjuicio. Ciertamente, si al sopesar los factores pertinentes el foro primario determina que la *desestimación* debe ser **sin perjuicio**, tal actuación es válida salvo que se haya incurrido en un abuso de discreción. En ausencia de esto último, los tribunales apelativos no deben intervenir con la decisión de hacer la *desestimación* con o sin perjuicio del Tribunal de Primera Instancia.[25]

## - B – *ACCIÓN DERIVATIVA*

La *acción derivativa* es una reclamación judicial de una causa de acción de la corporación, instada por los accionistas en aquellas situaciones en que la propia corporación y sus funcionarios han fallado en reclamar sus derechos contra aquellas personas, externas o internas, que le han ocasionado algún daño a la entidad.[26] Ha sido reconocida por los tribunales como un remedio en equidad para vindicar los derechos de la corporación, cuando las personas llamadas a hacerlo no lo hacen.[27] Sirve entonces como un mecanismo para exigir la rendición de cuentas o *accountability* por parte de sus administradores, en organizaciones empresariales organizadas como corporación.[28]

En cambio, la *Ley General de Corporaciones*, conocida como la Ley Núm. 164-2009, según enmendada, en su Artículo 12.06 instaura:

> En cualquier pleito entablado por un accionista a beneficio de alguna corporación organizada con arreglo a las leyes del Estado Libre Asociado, deberá alegarse en la demanda que el demandante era accionista de la corporación cuando se efectuó la transacción impugnada, o que las acciones le fueron transferidas luego de la transacción por ministerio de ley.[29]

---

[24] *S.L.G. Sierra v. Rodríguez*, 163 DPR 738 (2005).
[25] VS PR, LLC v. Drift-Wind, 207 DPR 253, 266- 268 (2021).
[26] C. Díaz Olivo, *Corporaciones; Tratado sobre Derecho Corporativo*, 2da ed. rev., Editorial AlmaForte, 2022, pág. 428.
[27] Díaz Olivo, *op. cit.*, pág. 432.
[28] Díaz Olivo, *op. cit.,* págs. 428-429.
[29] 14 LPRA § 3786.

También, se ha descrito como la acción presentada por un accionista para evitar o remediar daños, lesiones, incumplimientos o abusos contra la corporación. La *acción derivativa* no es para vindicar los derechos del accionista, sino los de la corporación.[30]

En tal marco, un no accionista no tendría *legitimación activa* para instar una *acción derivativa* dirigida a atender la alegada violación de los deberes fiduciarios propios de la corporación.[31] Consecuentemente, la *acción derivativa* solo procede, si el promovente era accionista cuando ocurrieron los hechos por lo que reclama o las acciones le hayan sido transferidas posteriormente por ley.[32]

El Alto Foro ha reconocido que la *acción derivativa* es contra los directores corporativos cuyas decisiones son en detrimento de los intereses de los accionistas. Así, por lo general, la junta de directores decide si demanda a nombre de la corporación. Y a modo de excepción, los accionistas pueden instar una *acción derivativa* a nombre de la corporación y en contra de la junta de directores para reclamar por los daños que esos funcionarios le ocasionaron a la corporación. Ante el hecho de que va dirigida a vindicar los derechos corporativos, cualquier recobro pertenece a la corporación.[33]

Los requisitos para una acción derivativa son los siguientes: (1) la corporación debe incluirse como parte demandada; (2) la persona que insta la acción debe haber sido accionista al momento en que ocurrió el daño que reclama y durante todo el procedimiento; (3) antes de acudir al tribunal, el accionista debe reclamar a los administradores de la corporación que tomen acción sobre el particular; (4) por tratarse de una acción en equidad, el accionista está sujeto a las defensas tradicionales de este tipo de recurso judicial como manos limpias, impedimento, incuria y renuncia entre otras; y (5) el pleito no debe transigirse ni desistirse sin la autorización el tribunal.[34]

---

[30] *Multinational Ins. v. Benítez y otros*, 193 DPR 67, 79 (2015); *Rivera Sanfeliz et al v. Jta Dir. First Bank*, 193 DPR 38, 55 (2015).

[31] *Multinational Ins. v. Benítez y otros, supra.*

[32] *Íd.*, pág. 80.

[33] *Íd.*, pág. 79; *Rivera Sanfeliz et al v. Jta Dir. First Bank, supra*, págs. 54-55.

[34] Díaz Olivo, *op. cit.*, págs. 432-452.

El término para ejercitar la *acción derivativa* se rige por el *Código de Enjuiciamiento Civil de Puerto Rico*. Cuando la acción se inicia contra algunos de los componentes de la estructura corporativa, como lo es el caso de reclamaciones contra directores u oficiales por incumplimiento de sus deberes para con la corporación, el Artículo 47 especifica:

> Lo dispuesto en este título no afecta las acciones contra directores o accionistas de una corporación para hacer efectiva una indemnización o caducidad dispuestas, o para exigir una responsabilidad creada por la ley; pero esas acciones habrán de entablarse dentro de **tres (3) años después que el agraviado tuvo conocimiento de los hechos** que originaron la indemnización o caducidad, o de haberse creado la responsabilidad.[35]

El plazo comienza a transcurrir tan pronto se adquiere conocimiento de los hechos que originan la responsabilidad. Sin embargo, cuando se trata de los directores, oficiales o aquellas personas en control de los asuntos e intereses de la corporación que infligen el daño a la entidad, el elemento del "conocimiento de los hechos que originaron o crearon la responsabilidad", puede convertirse en un concepto confuso, toda vez que, el periodo prescriptivo no comienza a correr hasta que en la junta de directores no exista una mayoría de directores inocentes o no involucrados, respecto a la transacción que da base a la reclamación.[36]

### - C – *TÉRMINO PRESCRIPTIVO*

Es altamente conocido que la fijación de términos prescriptivos pretende evitar las sorpresas que generan siempre la resucitación de viejas reclamaciones, además de las consecuencias inevitables del transcurso del tiempo, tales como: pérdida de evidencia, memoria imprecisa y dificultad para encontrar testigos.[37]

Principalmente, la *prescripción* es una institución que extingue el derecho a ejercitar una causa de acción cuando la parte legitimada deja de

---

[35] 32 LPRA § 261. (énfasis nuestro); Díaz Olivo, *op. cit.,* pág. 449.

[36] Díaz Olivo, *op. cit.,* págs. 449-450.

[37] *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 373 (2012); *Maldonado v. Russe,* 153 DPR 342, 347 (2001); *Campos v. Cía. Fom. Ind.,* 153 DPR 137, 144 (2001); *Orraca López v. ELA,* 192 DPR 31 (2014).

hacerlo dentro del término determinado por ley.[38] "A través de la *prescripción*, nuestro ordenamiento promueve que las reclamaciones se insten de manera oportuna y que las personas ejerciten sus causas de acción diligentemente".[39] "La *prescripción* castiga la inercia, a la vez que estimula el ejercicio rápido de las acciones. Mientras más cerca de su origen se promuevan las reclamaciones, más se asegura que el transcurso del tiempo no confundirá ni borrará el esclarecimiento de la verdad en sus dimensiones de responsabilidad y evaluación de la cuantía".[40]

## - III -

Los señores **IRIZARRY GUASCH** e **IRIZARRY ORTIZ-QEPD** arguyeron que el tribunal primario se equivocó al: (i) desestimar la *Demanda*; (ii) al no considerar la moción del matrimonio **IRIZARRY-RAMÍREZ** y la **SLG** como una solicitud de sentencia sumaria y no aplicarle los requisitos de la Regla 36 de Procedimiento Civil; y (iii) al desestimar la *Demanda* aun cuando las solicitudes de desestimación eran parciales y nada indicaban sobre la acción de sentencia declaratoria. Sustentaron que es evidente que su *acción derivativa* se fundamentó en el incumplimiento contractual y en los daños continuados producidos a la compañía **D´GAS**.[41] Asimismo, puntearon que no procede la desestimación, toda vez que, sus alegaciones son plausibles y merecedoras de un descubrimiento de prueba, así como su día en corte. Ampliaron que reclaman por actos independientes que ha cometido la señora **WILMA IRIZARRY ORTIZ** a lo largo de los años y continúa hasta el presente en perjuicio de **D'GAS**. Precisamente, actos fraudulentos, ilícitos y radicalmente nulos.

---

[38] *Rivera Ruiz et al. v. Mun. de Ponce et al.,* 196 DPR 410, 415 (2016); *Fraguada Bonilla v. Hosp. Aux. Mutuo, supra,* págs. 372-373; *Cacho González et al. v. Santarrosa et al.,* 203 DPR 215 (2019).
[39] *Maldonado Rivera v. Suárez y otros,* 195 DPR 182, 192 (2016).
[40] *Campos v. Cía. Fom. Ind., supra,* pág. 143.
[41] Cabe resaltar que del Registro de Corporaciones en el Departamento de Estado se desprende que la corporación **D'GAS EXPRESS CORP.**, con número de registro 317801 fue inscrita el 9 de octubre de 2012 y cancelada con motivo de terminación el 30 de diciembre de 2023. Véase https://rceweb.estado.pr.gov/es/search.

**WJE** dilucidó que los señores **IRIZARRY GUASCH** incumplen crasamente con la regla de contemporaneidad al reconocer que son los actuales accionistas de **D'GAS** por donación del señor **IRIZARRY ORTIZ-QEPD** y, al momento de la transacción impugnada, no eran accionistas de **D'GAS**. Lo cual apoyó que al adquirirse las acciones posteriormente están vedados de proceder con una *acción derivativa* en favor de **D'GAS**.

De otra parte, el matrimonio **IRIZARRY-RAMÍREZ** y la **SLG** manifestaron que los señores **IRIZARRY GUASCH** e **IRIZARRY ORTIZ-QEPD** reconocieron que, en efecto, no eran accionistas de **D'GAS**, al momento de otorgarse el contrato de arrendamiento, el cual se cuestiona en la *acción derivativa*. Opinaron que, si no cumplen con los requisitos para incoar una *acción derivativa*, no se pueden segmentar los reclamos. Cimentaron que en nuestro ordenamiento jurídico no existe espacio para alegaciones contradictorias o ambivalentes que vayan en contra de los propios actos.

En esta ocasión, nos corresponde determinar si el foro de instancia incidió al desestimar la *Demanda* basándose, esencialmente, en el incumplimiento de los señores **IRIZARRY GUASCH** con los requisitos para promover una *acción derivativa*, y por la falta de una causa de acción que justifique la concesión de un remedio. Veamos.

Al justipreciar la Escritura número 4 sobre *Arrendamiento* suscrita el 12 de julio de 2014, podemos determinar que el señor **IRIZARRY ORTIZ-QEPD** alquiló o arrendó un inmueble por un término de quince (15) años con un canon de $3,000.00 mensuales a la señora **WILMA IRIZARRY GUASCH**. El referido plazo vencía el 12 de julio de 2029.[42] Tal predio continuaría siendo utilizado como un negocio de expendio de gasolina, mini market y cualquier otro uso compatible.[43] Esa misma Escritura, incluyó una cláusula en la cual se dejó sin efecto y resolvió una Escritura 1 sobre *Arrendamiento con Opción a Compra* conferida el 18 de marzo de 2014, es decir unos meses antes de la

---

[42] Apéndice de la *Apelación*, pág. 84.
[43] Íd., págs. 82– 86.

escritura de *Arrendamiento* objeto de esta controversia.[44] La aludida cláusula expresó:

> Los otorgantes acuerdan **dejar sin efecto y resolver, liberándose mutuamente sin consecuencias legales algunas** y sin derecho a compensación o daños por ninguna de las partes, la escritura de Arrendamiento con Opción a Compra, bajo el número uno (1) otorgada ante esta misma notario el dieciocho de marzo de dos mil catorce (18/03/2014).[45]

Denotamos que durante el periodo del 2014 hasta el 2023, tanto **D'GAS** como **WJE** permanecieron como corporaciones activas y con fines de lucro. En múltiples instancias, los señores **IRIZARRY GUASCH** e **IRIZARRY ORTIZ-QEPD** precisaron que **WJE** recibió transferencias ilegales. Incluso, insistieron en que desde el 12 de julio de 2014, **D'GAS** comenzó a sufrir pérdidas cuyo estimado rondó los millones de dólares. En específico, en la alegación número 84 de la *Demanda Conjunta* hicieron alusión a que para el 2015, **D'GAS** reportó un capital disminuido de $7,919.00 y ningún ingreso por ventas.[46] Añadieron que, tales pérdidas resultan en daños continuos para **D'GAS**.

En virtud de la anterior, es fundamental comprobar si verdaderamente desde el otorgamiento de la Escritura con fecha de 12 de julio de 2014, **D'GAS** como corporación, ha recibido daños continuos de manera ininterrumpida y con carácter unitario.[47] Consta en el expediente que: (i) los alegados daños acontecieron durante los años 2014 y 2015; (2) los señores **IRIZARRY GUASCH** reconocieron que **no** eran accionistas al momento del otorgamiento de la Escritura sobre *Arrendamiento*; y (3) el 10 de mayo de 2019, los señores **IRIZARRY GUASCH** e **IRIZARRY ORTIZ-QEPD** polemizaron o cuestionaron por primera vez la antedicha Escritura sobre *Arrendamiento* al encausar un pleito cuyo alfanumérico es ISCI201501182.

---

[44] Apéndice de la *Apelación*, pág. 95.

[45] *Íd*. Énfasis nuestro.

[46] Íd., pág. 12.

[47] Como es sabido, los daños continuados poseen tres (3) rasgos distintivos: (1) nace de uno o varios actos culposos o negligentes imputables al mismo actor; (2) los daños ocasionados se manifiestan ininterrumpidamente, y (3) esos daños, en conjunto, conforman un proceso perjudicial progresivo de carácter unitario. *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 666–667 (2017).

Ello implica que, **desde el año 2015**, los señores IRIZARRY GUASCH e IRIZARRY ORTIZ-QEPD conocían la existencia del alegado daño y quienes presuntamente lo causaron. Al momento de perfeccionarse el mencionado *Arrendamiento* (marzo de 2014), los señores IRIZARRY GUASCH no eran accionistas de la corporación D'GAS, y, por lo tanto, no estaban legitimados para presentar una *acción derivativa* y reclamar los alegados daños causados por la señora WILMA IRIZARRY GUASCH.

Ergo, es preciso inferir que, al momento de la negociación y firma de la Escritura rubricada el 12 de julio de 2014, los señores IRIZARRY GUASCH no eran accionistas de la corporación D´GAS. Por tanto, no podían ejercer una *acción derivativa* en contra de la señora WILMA IRIZARRY GUASCH.

En cuanto al señor IRIZARRY ORTIZ-QEPD, es sabido que éste era accionista, junto a su esposa, la señora NILSA GUASCH NILSA CORDERO- QEPD a la fecha del 12 de julio de 2014. Conforme a nuestro estado de derecho corporativo, todo accionista puede requerir una inspección del registro de las acciones, la relación de accionistas y los demás libros de la corporación.[48] En ese sentido, discernimos que el señor IRIZARRY ORTIZ-QEPD, si tenía la intención de incoar una *acción derivativa* en carácter de accionista de D´GAS, tenía hasta el año 2018, pues los presuntos daños aludidos son de carácter unitario y emanan del mismo acto al impugnar la escritura pública sobre *Arrendamiento*. Ante el hecho de que las acciones derivativas deben ejercitarse dentro de los **tres (3) años** desde que se tuvo conocimiento de los hechos que originaron los daños, y en este caso, recurrieron ante el tribunal en el año 2023, la causa de acción está prescrita. Del mismo modo, ante la sustitución de parte por la defunción del señor IRIZARRY ORTIZ-QEPD, aún está prescrita la reclamación dado que no se ejerció dentro del tiempo contemplado para una *acción derivativa:* **tres (3) años** desde que se tuvo conocimiento de los hechos que originaron los daños.

---

[48] Art. 7.10 de la *Ley General de Corporaciones*, 14 LPRA § 3650; *Domenech v. Integration Corp. et al.*, 187 DPR 595 (2013).

**- IV -**

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* decidida el 30 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.

**Se les requiere a la Secretaria del Tribunal de Apelaciones y a la Secretaria del Tribunal de Primera Instancia proceder con la correspondiente sustitución de parte así como la actualización de los datos de este caso y en el expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC), respectivamente.**

**Notifíquese inmediatamente a las partes, así como a Sebastián Irizarry Roldán a la siguiente dirección: PO Box 992 Lajas, PR 00667.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones